# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD C. HUGLER, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,  Plaintiff,  v.  TIERRA COLOMBIANA, INC., a corporation, d/b/a TIERRA COLOMBIANA; MIXTO, INC., a corporation, d/b/a MIXTO; JORGE MOSQUERA; and MERCY MOSQUERA.  Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin TIERRA COLOMBIANA, INC., a corporation, d/b/a TIERRA COLOMBIANA, MIXTO RESTAURANTE, a corporation, d/b/a MIXTO, JORGE MOSQUERA, and MERCY MOSQUERA, individually, and as a manager (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.

Defendant TIERRA COLOMBIANA, INC., d/b/a TIERRA COLOMBIANA, is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 4535-39 North 5th Street, Philadelphia, PA 19140. Defendant is engaged in a full-service restaurant business at the same address within the jurisdiction of this court.

3.

Defendant MIXTO INC., d/b/a MIXTO, is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 1141 Pine St, Philadelphia, PA 19107. Defendant is engaged in a full-service restaurant business at 1141 Pine St, Philadelphia, PA 19107, within the jurisdiction of this court.

4.

Defendant JORGE MOSQUERA is the president and owner of the corporations identified in Paragraphs 1 and 2. Jorge Mosquera has directed employment practices and has directly or indirectly acted in the interest of Mixto and Tierra Colombiana in relation to their employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, and supervising employees day-to-day.

5.

Defendant MERCY MOSQUERA has acted as a manager at Tierra Colombiana. Mercy Mosquera has directed employment practices and has directly or indirectly acted in the interest of

Tierra Colombiana in relation to its employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, distributing the weekly payroll, and supervising employees day-to-day. At all times relevant herein, Mercy Mosquera has been responsible for making, keeping, and preserving records of Tierra Colombiana employees, including employees' names, hours worked, rate of compensation, and total compensation.

6.

The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

7.

At Tierra Colombiana, Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including meat, seafood, produce, and alcohol. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Tierra Colombiana are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

8.

At Mixto, Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or

materials that have been moved in or produced for commerce, including meat, seafood, produce, and alcohol. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Mixto are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

9.

Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation under Section 17 of the Act.

For example: During the time period from at least October 31, 2013, through at least November 1, 2016, Defendants failed to compensate their employees, including servers, bartenders, hostesses, runners, bussers, bar backs, kitchen chefs, and dishwashers, who worked over 40 hours in a workweek, one and one-half times their regular rate for hours worked over 40. Workweeks for these employees ranged from approximately 40 to approximately 60 hours, but the employees did not receive time and one-half their regular rate for their overtime hours. In addition, Defendants provided employees with a handbook which read, in part: "Mixto/Tierra Colombiana does not pay overtime. Every extra hour will be paid as a regular salary."

10.

Defendants willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their

employees' wages, hours and other conditions of employment, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. For example, Defendants failed to make, keep, and preserve complete time records for some cash-paid employees.

11.

As a result of the violations alleged in paragraphs through above, back wages and an equal amount of liquidated damages are owed to Defendants' current and former employees, including the persons specifically listed in the attached Schedule A to the Secretary's Complaint.

12.

A judgment granting recovery of said amounts is specifically authorized by Sections 16(c) and 17 of the Act.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act.

The Secretary further prays for judgment pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of October 15, 2013, through October 16, 2016, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after October 16, 2016,

and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor.

Respectfully submitted,

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

By:/s/ M. del Pilar Castillo
M. del Pilar Castillo
Jennifer Bluer
PA ID # 311251
PA ID # 307299
Office of the Solicitor, Region III
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
215-861-5186
215-861-5162 (fax)
Castillo.m.pilar@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff

## SCHEDULE A

| LAST NAME, FIRST NAME |
| --- |
| Acurio, Maria Angelica |
| Arbalez, Santiago |
| Caro, Zamir |
| Cedillo, Milton H |
| Cepeda, Aidiris |
| Duran, Rosa Y |
| Fuentes-Sierra, Jr., Luis E. |
| Gaitan, Margoth |
| Gaitan, Teresa |
| Gamboa, Alvaro |
| Gaviria, Luz Mary |
| Gonzalez, Chistina |
| Guardado, Paola |
| Gutierrez, Rosa Elvira |
| Guzman, Henry S Ramon |
| Guzman, Yocasta |
| Herrera, Ysidro |
| Jimenez, Cristian |
| LaTorre, Carmen |
| Loja, Liseth |
| Londono, Valentina |
| Lopez, Cenia |
| Lopez, Luz Amparo |
| Lopez Salinas, Esperanza |
| Lopez-Clavijo, Esperanza |
| Mejia, Alex |
| Mejia, Amado |
| Mejia, Hector |
| Mejia, Nicolas |
| Mendoza, Marcelo Jose |
| Mendoza, Tania |
| Molina Franco, Claudia Patricia |
| Monsalve, Jaer |
| Mosquera, Blanca Cecilia |
| Mosquera Vasquez, Estefania Margoth |
| Mosquera, Freddy |
| Mosquera, Gina |
| Mosquera, Luis F |
| Mosquera, Raymundo |
| Mota, Melida |

| |
|---|
| Nino, Margoth |
| Ordonez, Jackelin |
| Ordenez, Sonia Monserrath |
| Orlando Colon, Marc Anthony |
| Ortiz, Edward |
| Paulino, Jean Nicole |
| Paulino, Manuel L |
| Perez, Alba |
| Perez Flores, David |
| Rengifo, Leyser R |
| Reyes, Francisco |
| Rivera, Guillermina |
| Sanchez Duran, Rosario Dominicana |
| Santa Gomez, Libia Edith |
| Santos, Sebastian |
| Serna, Mateo |
| Sierra, Castillo Santiago |
| Torres, Clara |
| Torres, Melva |
| Torres, Pedro |
| Vega Ramirez, Raul Junior |
| Villanueva, Feliciano |
| Wilmo, Isael |
| Yepes, Manuel |
| Zhinin, Manuel |
| LNU, Yamil |
| LNU, Gabriel |
| LNU, Johan |

| |
|---|
| Acurio, Magali |
| Aguirre, Nelson |
| Argudo, Edison |
| Arsalan, Youssef |
| Brown, Kellan |
| Calle, Karen |
| Castano, Diana |
| Castillo, Jose Alfredo |
| Claros, Alberto |
| Cruz Ramos, Jose |
| Dunbar, Don |
| Duran, Darlene |
| Estrada Hernandez, Elver Rodrigo |
| Gomez, Mauricio |
| Hernandez, Oscar |
| Ixcoy, Maurcio |

| |
|---|
| Kashchavtseva, Ekaterina |
| Liliana, Trinidad |
| Lopez, Antonio |
| Lorenzo, Abraham |
| Luis, Natalya |
| Luyo, Jason |
| Maradiaga, Delmar |
| Marrero, Anthony |
| Martinez, Jennifer |
| Mayne DeLuca, Sophia |
| Mejia, Anain |
| Melendez, Guadalupe |
| Misja, Andrea |
| Molina Franco, Adrian David |
| Montesano, Lenny |
| Mosquera, Freddy |
| Neri, Jose Luis |
| Ortiz, Vitaliano |
| Perez, Jorge |
| Pina, Ismael |
| Pshenitsyna, Tamara |
| Ramos Mejia, Byron Gustavo |
| Raymer, Andy |
| Reyes-Gonzalez, Andres |
| Rodriguez, Lucio |
| Rodriguez, Olga |
| Romero, Marcos |
| Rosa-Gonzalez, Isabel |
| Santana, Mirel |
| Schaefer, Albert |
| Sebastian, Jose |
| Vernandez-Williams, Shanell |
| Wilmo, Isael |