IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

R. ALEXANDER ACOSTA,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.

TIERRA COLOMBIANA, INC., dba TIERRA COLOMBIANA; MIXTO, INC., dba MIXTO; JORGE MOSQUERA AND MERCY MOSQUERA,

    Defendants.

Civil Action No. 2:17-cv-00974

## *Amended* CONSENT JUDGMENT

Plaintiff, Secretary of Labor, United States Department of Labor, hereinafter referred to as "Plaintiff" or "the Secretary," has filed his Complaint alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "the Act"). Defendants named above, hereinafter referred as "Defendants" or "Employers," have appeared by counsel. The Secretary has filed a Complaint and First Amended Complaint and Defendants have filed Answers thereto denying the allegations therein. In order to amicably resolve the disputed issues of fact and law concerning this matter, Defendants hereby agree to the entry of this Consent Judgment without contest. It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown:

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby

are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), and 15 of the Act, in any manner, specifically:

1. Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act.

2. Defendants shall not, contrary to Section 7 of the Act, employ any of their employees including, but not limited to, any of their employees working at 4535-39 North 5th Street Philadelphia, PA 19140 and 1141 Pine St, Philadelphia, PA 19107 or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them, unless such employees satisfy one or more exceptions to the overtime requirements of the Act.

3. Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at 4535-39 North 5th Street Philadelphia, PA 19140 and 1141 Pine St, Philadelphia, PA 19107, or at any business location owned, operated, and/or controlled by Defendants, and at any other business

location at which their employees perform work, as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

4. Defendants shall not discharge or take any retaliatory action against any of their employees, whether or not directly employed by Defendants, because the employee engages in any of the following activities pursuant to Section 15(a)(3) of the Act:

    i. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Employers or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

    ii. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the Employers or another employer with whom there is a business relationship;

    iii. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

It is further ORDERED, ADJUDGED and DECREED by the Court that:

5. Defendants are enjoined and restrained from withholding gross back wages in the sum total amount $414,765.41 ("Back Pay Amounts"), and are jointly and severally liable for the payment of $414,765.41 in liquidated damages ("Liquidated Damages"), due certain employees and former employees of Defendants set forth and identified in Schedule "A", which is attached as Exhibit A hereto and made a part hereof, for violations of the overtime and minimum wage provisions of the Act by Defendants alleged to have occurred during the period beginning May

19, 2013 and ending on November 1, 2016 ("relevant period").

6. Regarding the matter of the civil money penalty, Defendants have agreed that the amount currently due and payable is $10,000.00 ("civil money penalty"), that they are jointly and severally liable for this amount, that such assessment has become the final order of the Secretary of the Department of Labor, and that they waive any and all rights to appeal or contest such assessment. As such, Defendants shall pay pursuant to Section 16(e) of the Act, a civil money penalty in the amount of $10,000.00. Plaintiff and Defendants acknowledge that payment of the $10,000.00 referenced herein shall finally and fully resolve the assessment of the civil money penalty against Defendants for the relevant period including the assessments referenced in Case Numbers 1781747 and 1790047.

7. Defendants shall pay the above referenced amounts in accordance with the installment agreement, including interest, detailed on Schedule "B", which is attached hereto and incorporated herein. These amounts shall represent the full extent of any claimed back wages (overtime and minimum wage compensation) and liquidated damages owed by Defendants for the time period beginning May 19, 2013 and ending November 1, 2016 for the violations at issue in this action. It is further agreed that the alleged Back Pay Amounts (overtime and minimum wage compensation) and Liquidated Damages payments by the Defendants in the aggregate amounts specified above are in the nature of back wages (overtime and minimum wage) and liquidated damages pursuant to the Act. Payments made in accordance with the installment agreement shall be made as follows:

    a. For payments related to the Back Pay Amounts and Liquidated Damages, the Defendants will provide certified checks, bank checks, or money orders made payable in

4

accordance with the payment dates set forth in Schedule "B" to **Wage and Hour Division-Labor,**" and mailed to:

> U.S. Department of Labor, Wage and Hour Division
> The Curtis Center, Suite 850 West
> 170 South Independence Mall West
> Philadelphia, PA 19106-3317

The checks or money orders shall bear the following reference: **Case ID#s 1781747** and **1790047**. You also have the option to pay online by ACH transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77689032 or www.pay.gov.

    b.    For the payment related to the civil money penalty, the Defendant will provide a cashier's check or certified check made payable in accordance with the payment date set forth in Schedule "B" to **"Wage and Hour Division-Labor,"** and mailed to:

> U.S. Department of Labor, Wage and Hour Division
> The Curtis Center, Suite 850 West
> 170 South Independence Mall West
> Philadelphia, PA 19106-3317

The check or money order shall bear the following reference: **Case ID#s 1781747** and **1790047**. You also have the option to pay online by ACH transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77734139 or www.pay.gov.

    c.    The Secretary, through the Wage and Hour Division, shall distribute the Back Pay Amounts (less any applicable federal taxes, withholdings, and deductions) and Liquidated Damages to the employees and former employees, or to their estates, as set forth in Schedule "A". Schedule "A" will show for each individual the gross back pay due (subject to all applicable Federal, State and Local taxes, withholdings and deductions), and liquidated damages. Any sums not distributed to the employees or former employees on Schedule "A", or to their

estates, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Treasurer of the United States pursuant to 29 U.S.C § 216(c). Defendants shall remain responsible for the payment of tax amounts considered to be the "employer's share," including, but not limited to, Federal Insurance Contributions Act ("FICA") and Unemployment Insurance ("UI") tax.

  d. A fifteen (15) calendar-day grace period shall be allowed for receipt of each payment that is required by this section and Schedule "B" of this Consent Judgment. If Defendants fail to make any payment set forth in Schedule "B" of this Consent Judgment within that (15) calendar-day grace period, all remaining installment payments shall become due immediately. Prior to making any earlier lump sum payment(s) towards the outstanding balance (including interest accrued to date thereto), Defendants shall contact counsel for the Department of Labor. Defendants shall not be responsible for future interest that has not yet accrued and no pre-payment penalty will be issued.

  8. It is FURTHER ORDERED, ADJUDGED, AND DECREED that if Defendants fail to make the payments as set forth in Paragraph 7 above, upon notice to the Defendants, the Court shall appoint a Receiver to effectuate all of the terms of this Consent Judgment. In the event a Receiver is appointed:

  a. Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

  b. All the expenses of Receiver shall be borne solely by the Defendants.

    c.    If the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Consent Judgment are satisfied.

    d.    The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the Defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Consent Judgment.

9.    Within thirty days of the entry of an order approving this Order, to the best of their ability Defendants will provide the Secretary with the current or last known address, telephone number, and social security number (or individual taxpayer identification number (if either are known)) of each individual identified on the attached Schedule "A".

10.    Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies. If recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Consent Judgment, the Secretary shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

11.    The parties agree that the filing of this action and the provisions of this Consent Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Schedule "A" or the Secretary for any period after November 1, 2016, or

any persons, be they current or former employees, not specifically named on Schedule "A", insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act.

12. Defendants agree that they are employers within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

13. By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any violations disclosed by such investigations for the time period after November 1, 2016.

14. It is FURTHER ORDERED, ADJUDGED AND DECREED that each party shall bear her, his or its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Date: 11/29/17

_____
UNITED STATES DISTRICT JUDGE

① THE CASE SHALL be marked CLOSED

| | |
|---|---|
| Defendants have appeared by counsel and hereby consent to the entry of this Judgment.<br><br>For the Employers **Mixto, Inc. and Tierra Colombiana, Inc.**<br><br>*/s/ Jorge Mosquera*<br>**Jorge Mosquera,**<br>Individually, and as **owner** of **Mixto, Inc. and Tierra Colombiana, Inc.**<br><br>*/s/ Mercy Mosquera*<br>**Mercy Mosquera**<br>Individually<br><br>*/s/ Scott Bennett Freemann*<br>**Scott Bennett Freemann, Esq.**<br>**PA ID# 82030**<br>**Freemann Law Offices**<br>**A Professional Corporation**<br>**2401 Walnut Street, Suite 302**<br>**Philadelphia, PA 19103**<br>**215-564-7400**<br>**215-564-7406 (fax)**<br>**sbf@freemannlaw.com**<br><br>Attorneys for Defendants | For the Secretary:<br><br>Nicholas C. Geale<br>Acting Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor<br><br>*/s/ M. del Pilar Castillo*<br>M. del Pilar Castillo<br>Attorney<br>PA ID # 311251<br><br>U.S. Department of Labor<br>Office of the Solicitor, Region III<br>Suite 630E, The Curtis Center<br>170 S. Independence Mall West<br>Philadelphia, PA 19106-3306<br>215-861-5186<br>215-861-5162 (fax)<br>castillo.m.pilar@dol.gov<br><br>U.S. DEPARTMENT OF LABOR<br><br>Attorneys for Plaintiff<br>U.S. Department of Labor |

**SCHEDULE A**

| Employees | Back Wages Due | Liquidated Damages Due | Total |
|---|---|---|---|
| Acurio, Magali | $4,488.96 | $4,488.96 | $8,977.92 |
| Aguirre, Nelson | $1,888.74 | $1,888.74 | $3,777.48 |
| Anaya, Daniel | $3,426.40 | $3,426.40 | $6,852.80 |
| Argudo, Edison | $81.15 | $81.15 | $162.30 |
| Arsalan, Youssef | $48.86 | $48.86 | $97.72 |
| Brown, Kellan | $799.12 | $799.12 | $1,598.24 |
| Calle, Karen | $84.86 | $84.86 | $169.72 |
| Castano, Diana | $54.00 | $54.00 | $108.00 |
| Castillo, Jose Alfredo | $1,475.94 | $1,475.94 | $2,951.88 |
| Cedillo, Rogello | $8,860.64 | $8,860.64 | $17,721.28 |
| Claros, Alberto | $2,500.61 | $2,500.61 | $5,001.22 |
| Cruz Ramos, Jose | $152.75 | $152.75 | $305.50 |
| Dunbar, Don | $1,127.61 | $1,127.61 | $2,255.22 |
| Duran, Darlene | $35.20 | $35.20 | $70.40 |
| Estrada Hernandez, Elver Rodrigo | $11,772.90 | $11,772.90 | $23,545.80 |
| Gomez, Mauricio | $302.81 | $302.81 | $605.62 |
| Gonzales, Jesus | $612.62 | $612.62 | $1,225.24 |
| Guardado, Nehemias | $6,629.26 | $6,629.26 | $13,258.52 |
| Guardado, Yonni | $1,362.78 | $1,362.78 | $2,725.56 |
| Heller, Janae | $41.60 | $41.60 | $83.20 |
| Hernandez, Oscar | $1,521.32 | $1,521.32 | $3,042.64 |
| Ixcoy Chub, Maurcio | $1,668.55 | $1,668.55 | $3,337.10 |
| Johnson, Collin | $26.90 | $26.90 | $53.80 |
| Kashchavtseva, Ekaterina | $43.90 | $43.90 | $87.80 |
| Lebron, Anibal | $88.02 | $88.02 | $176.04 |
| Liliana, Trinidad | $253.78 | $253.78 | $507.56 |
| Lopez, Antonio | $90.69 | $90.69 | $181.38 |
| Lopez, Juan Camilo | $218.40 | $218.40 | $436.80 |
| Lorenzo, Abrahan/Lorenzo, Abraham | $487.43 | $487.43 | $974.86 |
| Luis, Natalya | $467.35 | $467.35 | $934.70 |
| Luyo, Jason | $1,624.42 | $1,624.42 | $3,248.84 |
| Maradiaga, Delmar | $7,522.56 | $7,522.56 | $15,045.12 |
| Martinez, Adriana | $242.22 | $242.22 | $484.44 |

| Name | | | |
|---|---:|---:|---:|
| Martinez, Elizabeth | $88.62 | $88.62 | $177.24 |
| Martinez, Jennifer | $71.09 | $71.09 | $142.18 |
| Marrero, Anthony | $53.60 | $53.60 | $107.20 |
| Mayne DeLuca, Sophia | $212.28 | $212.28 | $424.56 |
| Mejia, Anain | $7,758.55 | $7,758.55 | $15,517.10 |
| Melendez, Guadalupe | $5,274.60 | $5,274.60 | $10,549.20 |
| Mejia Santos, Ernesto | $1,336.85 | $1,336.85 | $2,673.70 |
| Mejia, Vicente | $1,568.05 | $1,568.05 | $3,136.10 |
| Misja, Andrea | $189.64 | $189.64 | $379.28 |
| Molina Franco, Adrian David | $714.40 | $714.40 | $1,428.80 |
| Molina, Camilo | $130.42 | $130.42 | $260.84 |
| Montesano, Lenny | $249.65 | $249.65 | $499.30 |
| Mosquera, Freddy | $2,717.50 | $2,717.50 | $5,435.00 |
| Mosquera, Karen | $27.90 | $27.90 | $55.80 |
| Neri, Jose Luis | $4,143.28 | $4,143.28 | $8,286.56 |
| Ordonez, Jackelin | $65.43 | $65.43 | $130.86 |
| Ortiz, Vitaliano | $3,001.49 | $3,001.49 | $6,002.98 |
| Ostrowski, Cory | $28.60 | $28.60 | $57.20 |
| Paredez, Jacinto | $56.16 | $56.16 | $112.32 |
| Pena Espinal, Isis | $29.73 | $29.73 | $59.46 |
| Perez Serrano, Jorge A | $9,939.28 | $9,939.28 | $19,878.56 |
| Pina, Ismael/Pena, Ismael | $1,710.14 | $1,710.14 | $3,420.28 |
| Pshenitsyna, Tamara | $338.85 | $338.85 | $677.70 |
| Ramos Mejia, Byron Gustavo | $3,249.94 | $3,249.94 | $6,499.88 |
| Raymer, Andy | $168.48 | $168.48 | $336.96 |
| Reyes-Gonzalez, Andres F | $1,382.92 | $1,382.92 | $2,765.84 |
| Rivas, Miguel | $1,010.80 | $1,010.80 | $2,021.60 |
| Rodriguez, Lucio | $1,515.85 | $1,515.85 | $3,031.70 |
| Rodriguez, Olga | $3,301.85 | $3,301.85 | $6,603.70 |
| Romero, Antonio | $5,539.58 | $5,539.58 | $11,079.16 |
| Romero, Marcos | $5,773.40 | $5,773.40 | $11,546.80 |
| Rosa-Gonzalez, Isabel | $656.80 | $656.80 | $1,313.60 |
| Sandoval, Odilon | $205.57 | $205.57 | $411.14 |
| Santana, Mirel | $41.94 | $41.94 | $83.88 |

| Name | | | |
|---|---|---|---|
| Schaefer, Albert | $355.52 | $355.52 | $711.04 |
| Sebastian Santos, Jose | $2,243.68 | $2,243.68 | $4,487.36 |
| Tagliaferro, Crystal | $55.23 | $55.23 | $110.46 |
| Valdano, Stefanie | $115.06 | $115.06 | $230.12 |
| Valentin, Lemus | $1,376.10 | $1,376.10 | $2,752.20 |
| Ventura, Henderson | $175.78 | $175.78 | $351.56 |
| Vernandez-Williams, Shanell | $356.76 | $356.76 | $713.52 |
| Wilmo, Isael | $3,733.80 | $3,733.80 | $7,467.60 |
| | $130,967.52 | $130,967.52 | $261,935.04 |

| Employees | Back Wages Due | Liquidated Damages Due | Total |
|---|---|---|---|
| Acurio, Maria Angelica | $10,904.56 | $10,904.56 | $21,809.12 |
| Aragon, Mauricio | $164.39 | $164.39 | $328.78 |
| Arbalez, Santiago | $698.39 | $698.39 | $1,396.78 |
| Caro, Zamir (Wilmo) | $487.34 | $487.34 | $974.68 |
| Cedillo, Milton H | $16,177.10 | $16,177.10 | $32,354.20 |
| Cepeda, Aidiris | $255.12 | $255.12 | $510.24 |
| Duran, Rosa Y | $1,057.04 | $1,057.04 | $2,114.08 |
| Fuentes-Sierra, Jr., Luis E. | $295.00 | $295.00 | $590.00 |
| Gaitan, Margoth | $1,853.77 | $1,853.77 | $3,707.54 |
| Gaitan, Teresa | $1,847.79 | $1,847.79 | $3,695.58 |
| Galindo, Oswaldo | $982.85 | $982.85 | $1,965.70 |
| Gamboa, Alvaro | $2,232.86 | $2,232.86 | $4,465.72 |
| Garcia, Fernando | $653.52 | $653.52 | $1,307.04 |
| Gaviria, Luz Mary | $889.54 | $889.54 | $1,779.08 |
| Gonzalez, Chistina | $150.70 | $150.70 | $301.40 |
| Guardado, Paola | $5,490.85 | $5,490.85 | $10,981.70 |
| Gutierrez, Rosa Elvira | $17,569.76 | $17,569.76 | $35,139.52 |
| Guzman, Henry S Ramon / Henry Ramon | $2,345.14 | $2,345.14 | $4,690.28 |
| Guzman, Yocasta | $774.77 | $774.77 | $1,549.54 |
| Herrera, Ysidro | $2,930.67 | $2,930.67 | $5,861.34 |
| Jimenez, Cristian/Jimenez, Christian | $237.86 | $237.86 | $475.72 |
| Latorre, Carmen | $124.46 | $124.46 | $248.92 |
| Loja, Liseth | $3,254.86 | $3,254.86 | $6,509.72 |
| Londono, Valentina | $716.95 | $716.95 | $1,433.90 |
| Lopez, Cenia | $1,732.54 | $1,732.54 | $3,465.08 |
| Lopez, Luz Amparo | $15,971.79 | $15,971.79 | $31,943.58 |
| Lopez Salinas, Esperanza/Tatiana Hope | $747.21 | $747.21 | $1,494.42 |
| Lopez-Clavijo, Esperanza | $5,513.40 | $5,513.40 | $11,026.80 |
| Mejia, Alex | $12,586.08 | $12,586.08 | $25,172.16 |
| Mejia, Amado | $8,835.39 | $8,835.39 | $17,670.78 |
| Mejia, Hector | $9,508.88 | $9,508.88 | $19,017.76 |
| Mejia, Nicolas | $11,831.32 | $11,831.32 | $23,662.64 |
| Mendoza, Jose Marcelo | $12,297.71 | $12,297.71 | $24,595.42 |

| Name | | | |
|---|---|---|---|
| Mendoza, Lucia | $8,805.30 | $8,805.30 | $17,610.60 |
| Mendoza, Tania | $6,154.62 | $6,154.62 | $12,309.24 |
| Mitchell, Gemil | $194.40 | $194.40 | $388.80 |
| Molina Franco, Claudia Patricia | $1,511.35 | $1,511.35 | $3,022.70 |
| Monsalve, Jaer | $527.60 | $527.60 | $1,055.20 |
| Mosquera, Blanca Cecilia | $4,283.12 | $4,283.12 | $8,566.24 |
| Mosquera Vasquez, Estefania Margoth | $279.41 | $279.41 | $558.82 |
| Mosquera, Freddy | $2,338.10 | $2,338.10 | $4,676.20 |
| Mosquera, Gina | $1,378.63 | $1,378.63 | $2,757.26 |
| Mosquera, Luis F /Mosquera, Felipe | $3,059.89 | $3,059.89 | $6,119.78 |
| Mosquera, Raymundo | $5,525.22 | $5,525.22 | $11,050.44 |
| Mota, Melida | $1,225.21 | $1,225.21 | $2,450.42 |
| Ordonez, Jackelin | $121.55 | $121.55 | $243.10 |
| Ordenez, Sonia Monserrath | $9,356.47 | $9,356.47 | $18,712.94 |
| Orlando Colon, Marc Anthony | $601.53 | $601.53 | $1,203.06 |
| Ortiz, Edward | $391.65 | $391.65 | $783.30 |
| Paredes, Andy | $382.32 | $382.32 | $764.64 |
| Paulino, Jean Nicole | $516.50 | $516.50 | $1,033.00 |
| Paulino, Manuel L | $627.36 | $627.36 | $1,254.72 |
| Perez, Alba | $1,603.09 | $1,603.09 | $3,206.18 |
| Perez, David/Perez Flores, David | $15,127.98 | $15,127.98 | $30,255.96 |
| Posso, Katherine | $396.78 | $396.78 | $793.56 |
| Ramos, Gabriel | $5,304.69 | $5,304.69 | $10,609.38 |
| Rengifo, Leyser R | $816.99 | $816.99 | $1,633.98 |
| Reyes, Doris | $3,481.93 | $3,481.93 | $6,963.86 |
| Reyes, Francisco | $3,760.94 | $3,760.94 | $7,521.88 |
| Reyes, Joceline | $72.65 | $72.65 | $145.30 |
| Rivera, Guillermina | $1,441.98 | $1,441.98 | $2,883.96 |
| Rodriguez, Emmanuel | $662.32 | $662.32 | $1,324.64 |
| Rohena, Johan | $93.96 | $93.96 | $187.92 |
| Sanchez, Genaro | $447.42 | $447.42 | $894.84 |
| Sanchez, Jose | $9,184.18 | $9,184.18 | $18,368.36 |
| Sanchez, Luis | $140.16 | $140.16 | $280.32 |
| Sanchez Duran, Rosario Dominicana/San( | $1,327.08 | $1,327.08 | $2,654.16 |

| | | | |
|---|---:|---:|---:|
| Santa Gomez, Libia Edith | $1,507.90 | $1,507.90 | $3,015.80 |
| Santiago, Joel | $1,520.97 | $1,520.97 | $3,041.94 |
| Santos, Sebastian | $7,049.21 | $7,049.21 | $14,098.42 |
| Serna, Mateo | $939.64 | $939.64 | $1,879.28 |
| Sierra, Castillo Santiago | $2,795.46 | $2,795.46 | $5,590.92 |
| Torres, Clara | $4,701.41 | $4,701.41 | $9,402.82 |
| Torres, Melva | $279.80 | $279.80 | $559.60 |
| Torres, Pedro | $9,061.05 | $9,061.05 | $18,122.10 |
| Vega, Raul / Vega Ramirez, Raul Junior | $46.08 | $46.08 | $92.16 |
| Velasquez, Robert | $897.30 | $897.30 | $1,794.60 |
| Villanueva, Feliciano | $68.39 | $68.39 | $136.78 |
| Wilmo, Isael | $1,585.92 | $1,585.92 | $3,171.84 |
| Yepes, Manuel | $404.99 | $404.99 | $809.98 |
| Zhinin, Manuel | $10,677.78 | $10,677.78 | $21,355.56 |
| | $283,797.89 | $283,797.89 | $567,595.78 |

**SCHEDULE B**

| Date Due | Amount of BWs/Liquidated Damages | Interest | Total |
|---|---|---|---|
| Within 30 days after entry of Consent Judgment | $160,000.00 | $0.00 | $160,000.00 |
| Within 4 months of entry of Consent Judgment | $66,702.40 | $557.94 | $67,260.34 |
| Within 5 months of entry of Consent Judgment | $66,757.98 | $502.36 | $67,260.34 |
| Within 6 months of entry of Consent Judgment | $66,813.62 | $446.72 | $67,260.34 |
| Within 7 months of entry of Consent Judgment | $66,869.29 | $391.05 | $67,260.34 |
| Within 8 months of entry of Consent Judgment | $66,925.02 | $335.32 | $67,260.34 |
| Within 9 months of entry of Consent Judgment | $66,980.79 | $279.55 | $67,260.34 |
| Within 10 months of entry of Consent Judgment | $67,036.60 | $223.74 | $67,260.34 |
| Within 11 months of entry of Consent Judgment | $67,092.47 | $167.87 | $67,260.34 |
| Within 12 months of entry of Consent Judgment | $67,148.38 | $111.96 | $67,260.34 |
| Within 13 months of entry of Consent Judgment | $67,204.27 $10,000.00 (cmp's) | $185.33 | $77,389.60 |
| TOTALS | $839,530.82 | $3,201.84 | $842,732.66 |